Opinion filed April 1,
2010

 

                                                                       In The

 

  Eleventh
Court of Appeals

                                                                   __________

 

                                                           No. 11-08-00249-CR

                                                     __________

 

                               DONELL
EZELL MCBRIDE, Appellant

 

                                                             V.

 

                                       STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 42nd District Court

                                                            Taylor
County, Texas

                                                    Trial
Court Cause No. 23049A



 

                                            M
E M O R A N D U M   O P I N I O N

Donell
Ezell McBride appeals his conviction of the offense of possession of cocaine
with the intent to deliver, following his plea of guilty to the trial court.  He
entered the plea after his motion to suppress evidence was overruled.  The
trial court found him guilty and assessed his punishment at twenty years in the
Texas Department of Criminal Justice, Institutional Division.  McBride contends
in two points on appeal that his rights under the Fourth Amendment of the
United States Constitution and his rights under Article I, section 9 of the
Texas Constitution against unreasonable searches and seizures were violated and
that his right to effective assistance of counsel was denied when his
attorney’s failure to inform him of a plea bargain offer resulted in him
receiving a higher sentence than that proposed in the offer.  We reverse the
judgment and remand to the trial court for further proceedings consistent with
this opinion.

McBride
urges in Point One that his rights under the Fourth Amendment to the United
States Constitution and his rights under Article I, section 9 of the Texas
Constitution against unreasonable searches and seizures were violated.  We
interpret this point as an assertion that the trial court erred by overruling
his motion to suppress evidence of the search of his vehicle that occurred
after his arrest.  

We review a
trial court’s ruling on a motion to suppress evidence for an abuse of
discretion.  Swain v. State, 181 S.W.3d 359, 365 (Tex. Crim. App. 2005). 
We review the evidence in the light most favorable to the trial court’s ruling
and assume that the trial court made implicit findings of fact supported by the
record.  Id.  We will sustain the trial court’s decision if it is
correct on any theory of law applicable to the case.  Id.  McBride filed
a motion to suppress in which he challenged the search of his vehicle as being in
violation of his rights under the United States and the Texas
Constitutions. At the hearing on the motion to suppress, Officer Jefferson
testified that he stopped McBride because his vehicle had an expired inspection
sticker.  He indicated that he decided to arrest McBride after learning that
his driver’s license was suspended.  However, before arresting McBride, Officer
Jefferson allowed McBride to drive his vehicle to his residence, which was
within a block, and park it.  After McBride parked his vehicle, Officer
Jefferson arrested him, handcuffed him, and took him to his patrol car.  While
searching McBride for weapons, Officer Jefferson discovered $2,500 in 5s, 10s,
and 20s, neatly folded.

Officer
Jefferson indicated that he searched McBride’s vehicle incidental to his
arrest.  He stated that during the search he found marihuana and rock cocaine
in an ashtray in the center console. McBride protested the search.  Officer
Jefferson related that he encountered the smell of burnt marihuana in the
interior of the vehicle.  McBride’s vehicle was apparently locked prior to the
search.

Police may
search a vehicle incident to a recent occupant’s arrest only if the arrestee is
within reaching distance of the passenger compartment at the time of the search
or if it is reasonable to believe the vehicle contained evidence of the offense
of arrest.  Arizona v. Gant, ___  U.S. ___, 129 S. Ct. 1710, 1723, 173
L. Ed. 2d 485, 501 (2009).  Because at the time of the search, McBride had been
handcuffed and taken to the police unit, he was not within reaching distance of
the passenger compartment, and there was no evidence that could support a
reasonable belief that the vehicle would contain evidence of the offense
justifying the arrest – that McBride was driving while his license was
suspended.  Consequently, police were without authority to search McBride’s
vehicle without a warrant as incident to his arrest for driving while his
license was suspended.    

The State,
in a brief written prior to the United States Supreme Court’s decision in Gant,
urges that we should uphold the trial court’s ruling, arguing that, as a
search incident to McBride’s arrest, it complied with the United States Supreme
Court case of New York v. Belton, 453 U.S. 454 (1981).  However,
the Court in Gant held that Belton does not authorize a vehicle
search incident to a recent occupant’s arrest after the arrestee has been
secured and cannot access the interior of the vehicle.  Gant, 129 S. Ct.
at 1714.  Because the search-incident-to-arrest exception to the Fourth
Amendment’s warrant requirement did not justify the search in this case, we
hold that the trial court abused its discretion by overruling McBride’s motion
to suppress.  Consequently, we sustain McBride’s first point on appeal.  In
view of our determination of that point on appeal, we need not determine
McBride’s second point on appeal.             

We reverse
the judgment and remand to the trial court for further proceedings consistent
with this opinion.

 

                                                                                    PER
CURIAM

April 1, 2010

Do not publish.  See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J., 

McCall, J., and Hill, J.[1]









                [1]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.